**SO ORDERED.**

**SIGNED this 10th day of September, 2013.**



Dale L. Somers
United States Bankruptcy Judge

___

Designated for online use but not for print publication
**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **In re:** | |
| **ROSEMARY ANN KROUSE,** | **CASE NO. 13-20356** |
| | **CHAPTER 7** |
| **DEBTOR.** | |

**MEMORANDUM OPINION AND JUDGMENT**
**GRANTING TRUSTEE'S OBJECTION TO**
**CLAIM OF EXEMPTION OF PROCEEDS OF LIFE INSURANCE**

The matter under advisement is the Trustee's First Amended Objection to Claim of Exemption of Proceeds of Life Insurance.[1] The Chapter 7 Trustee, Eric C. Rajala appears by Eric C. Rajala. Debtor Rosemary Ann Krouse challenges the objection and appears by Teresa M. Kidd. The Court has jurisdiction.[2]

---

[1] Dkt. 28.

[2] This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by §

**ISSUE PRESENTED.**

Debtor claims an exemption of $147,000 under K.S.A. 60-2313(a)(7) as proceeds of a claim for life insurance proceeds arising from the death of her husband, Larry J. Krouse. The Trustee's objection to the claimed exemption is based upon the fact that on the day Debtor filed for relief, but before the time Debtor's bankruptcy petition was filed, Debtor transferred a total of $67,350 of the life insurance proceeds, in payment to two creditors of her husband. The Trustee asserts that only the $80,320.77 in life insurance proceeds which remained in Debtor's possession when the bankruptcy petition was filed are eligible for exemption. For the following reasons, the Court agrees with the Trustee's position.

**FINDINGS OF FACT.**

The parties have stipulated to the facts, which are as follows. Debtor filed her petition on February 20, 2013 at 3:03 pm. One of the assets listed on Schedule B is "life insurance proceeds US Bank" valued at $147,000. On Schedule C she claims the proceeds as exempt under K.S.A. 60-2313(a)(7).

On February 8, 2013, Debtor received a check from the Office of Federal Employee's Group Life Insurance for $147,670.77, representing the proceeds of Debtor's

---

157(a) to refer to the District's Bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. The allowance or disallowance of exemptions from the estate is a core proceeding which this Court may hear and determine as provided in 28 U.S.C.§ 157(b)(2)(B). There is no objection to venue or jurisdiction over the parties.

2

claim for life insurance arising from the death of her husband, on December 31, 2012. On February 8, 2013, Debtor deposited the check into her US Bank savings account. On the morning of February 20, 2013, before the petition was filed, Debtor purchased two cashier's checks from US Bank for a total of $67,350. One cashier's check, in the amount of $51,750 was made payable to Wanda O'Brien, for payment of Debtor's husband's debt to Wanda O'Brien. Debtor delivered the check to Wanda O'Brien, and Wanda O'Brien deposited it into her US Bank checking account on February 20, 2013 at 11:45 a.m., several hours before Debtor's petition was filed. The second cashier's check, in the amount of $15,600, was made payable to NAPS, for payment of Debtor's husband's debt to NAPS. Debtor delivered the check to NAPS, and NAPS deposited the check into its Brotherhood Bank checking account on February 20, 2013 at 2:30 p.m., approximately one-half hour before the Debtor's petition was filed. Neither the transfer to Wanda O'Brien nor the transfer to NAPS was disclosed by Debtor in her schedules or statement of financial affairs filed on February 20, 2013. As a result of the purchases of the cashiers' checks, when Debtor's petition was filed at 3:03 p.m. on February 20, 2013, she had net life insurance proceeds of $80,320.77.

**DISCUSSION.**

As provided in § 541, a Chapter 7 bankruptcy estate includes, with some exceptions not relevant to this case, "all legal or equitable interests of the debtor in

property as of the commencement of the case."[3] Under § 522(b)(1) and (3), those individual debtors residing in Kansas "may exempt from property of the estate" the interests determined to be exempt under Kansas law applicable on the date of filing.[4] Inclusion of property as property of the estate is therefore a necessary prerequisite for claiming the property exempt.

The definition of property of the estate specifies inclusion of interests of the debtor "as of the commencement of the case," not as of the date of filing. A voluntary case is "commenced by the filing with the bankruptcy court of a petition."[5] Therefore, property interests owned by the debtor on the morning of the date of filing, but transferred prior to the specific time when the petition was filed, are not included in the property of the estate. The precise time of the filing of a bankruptcy petition plays a similar critical role under § 362, which provides that a stay automatically arises when a petition is filed. For example, a court found "no question" that the automatic stay was not in effect when a sale was conducted at 11:00 a.m. and the debtor filed a petition on 4:59 p.m. of the same day.[6] When opposing the Trustee's objection to her claim that the entire proceeds are exempt, Debtor concedes that a portion of the proceeds "were gone at the time the debtor filed

---

[3] 11 U.S.C. § 541(a)(1).

[4] 11 U.S.C. § 522(b)(1) & (b)(3).

[5] 11 U.S.C. § 301(a).

[6] *In re McLouth*, 257 B.R. 316 (Bank. D. Mt. 2000).

4

bankruptcy"[7] and therefore did not become property of the estate. She therefore cannot claim the transferred proceeds as exempt under § 522(b)(1) and (3).

A substantial portion of the parties' briefs is devoted to the question whether the fact that the funds transferred by cashiers' checks were exempt before their transfer would provide a defense to an avoidance action by the Trustee. The Court will not address the merits of any defense to a potential avoidance action. No such action has been filed, and any analysis would be premature.

**CONCLUSION.**

For the foregoing reasons, the Trustee's First Amended Objection to Claim of Exemption of Proceeds of Life Insurance of $147,000 life insurance proceeds is sustained. The amount of the proceeds which Debtor may exempt in her schedules is $80,320.77.

The foregoing constitute Findings of Fact and Conclusions of Law under Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure which make Rule 52(a) of the Federal Rules of Civil Procedure applicable to this matter.

**JUDGMENT**.

Judgment is hereby entered granting the Trustee's First Amended Objection to Claim of Exemption of Proceeds of Life Insurance. The judgment based on this ruling

---

[7] Dkt. 45, 2.

will become effective when it is entered on the docket for this case, as provided by Federal Rule of Bankruptcy Procedure 9021.

**IT IS SO ORDERED.**

###